UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LANCE APONTE and
ROSHARD McGOWAN,

                Plaintiffs,

      - against -                         **COMPLAINT**

CITY OF NEW YORK, FRANK MALLIMO,
KEVIN RICHARDS, JUSTIN WALKER,
NICHOLAS LETINI, IBRAHIM ADAM,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiffs Lance Aponte and Roshard McGowan, by their attorney Michael Lumer, hereby allege upon information and belief as follows:

1. At all times hereinafter mentioned, each plaintiff was an adult resident of Kings County, in the City and State of New York, or was otherwise lawfully present therein.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Frank Mallimo was employed by the City as a member of the New York City Police Department ("NYPD"), Tax No.: 951957. Mallimo is sued herein in his individual capacity.

4. At all relevant times hereinafter mentioned, defendant Kevin Richards was employed by the City as a member of the New York City Police Department ("NYPD"), Tax No.: 959133. Richards is sued herein in his individual capacity.

5. At all relevant times hereinafter mentioned, defendant Justin Walker was employed by the City as a member of the New York City Police Department ("NYPD"), Tax No.: 958158. Walker is sued herein in his individual capacity.

6. At all relevant times hereinafter mentioned, defendant Nicholas Lettini was employed by the City as a member of the New York City Police Department ("NYPD"), Tax No.: 959751. Lettini is sued herein in his individual capacity.

7. At all relevant times hereinafter mentioned, defendant Ibrahim Adam was employed by the City as a member of the New York City Police Department ("NYPD"), Tax No.: 958214. Adam is sued herein in his individual capacity.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

9. The action is properly venued in the Eastern District as the majority of the events complained of occurred in Kings County.

## RELEVANT FACTS

10. During the morning hours of May 1, 2024, the plaintiffs were lawfully present inside a one-bedroom apartment located at 129 Patchen Avenue, Apartment 2C, in Brooklyn, New York (the "premises").

11. Neither of the plaintiffs resided in the premises.

12. Both plaintiffs were lawfully present in the premises as guests or invitees.

13. At or about 6:30am on May 1, 2024, the defendants and members of the NYPD's Emergency Services Unit ("ESU") executed a search warrant at the premises.

14. At the time of the warrant execution there were six people in the premises, including the plaintiffs.

15. The plaintiffs and two other people were in the living room. The remaining two people were in the bedroom.

16. ESU officers breached the door and entered the premises, seizing and handcuffing all of the individuals inside, including the plaintiffs.

17. ESU found the two people inside the bedroom.

18. Neither of the plaintiffs was in the bedroom.

19. ESU found the plaintiffs in the living room of the premises.

20. Once everyone in the apartment had been seized, the ESU officers left the premises and the defendants entered.

21. Defendant Richards searched the apartment and claimed to have found eleven (11) capsules of crack cocaine in the closet in the bedroom.

22. Defendant Adam claimed to have found one (1) deck of heroin from the dresser inside that same bedroom.

23. Finally, defendant Lettini claimed to have found six (6) capsules of crack cocaine and one twist of crack cocaine on another person in the apartment.

24. No narcotics, weapons, or contraband was found on either plaintiff.

25. No narcotics, weapons, or contraband was found in the living room where the plaintiffs were found and seized.

26. No narcotics, weapons, or contraband was found in any common area accessible to the plaintiffs.

27. Neither plaintiff actually or constructively possessed any of the narcotics that had been recovered, or any other weapon, drug, or other contraband.

28. The plaintiffs were handcuffed and eventually transported to a local precinct station house or police service area where their arrests were processed.

29. After a perriod of many hours the plaintiffs were transported to Kings County Central Booking where they were placed in holding cells.

30. The decision to arrest the plaintiffs, and the other individuals with them, was made by or with the knowledge of individual defendants Richards, Walker, Adam, and Lettini, under the supervision of defendant Mallimo, who held the rank of sergeant and who approved both arrests.

31. Defendant Richards was one of the designated arresting officers, if not the only designated arresting officer, and as such, while the plaintiffs were in defendants' custody following their arrest, he completed, or caused to be completed, arrest paperwork in which one or more of the defendants falsely claimed that they saw the plaintiffs each in possession of 11 capsules of crack cocaine and one deck of heroin.

32. These statements were materially false, as the narcotics were recovered in a private bedroom in which neither plaintiff was found or observed, and over which neither plaintiff exhibited custody, control, or dominion, and the defendants knew and understood that their statements were false.

33. The defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the Kings County District Attorney's office ("KCDA").

34. The purpose of transmitting the documentation concerning plaintiffs' arrest to the KCDA was to ensure that the KCDA would initiate each plaintiff's criminal prosecution.

35. Defendant Richards spoke with the KCDA to further attempt to persuade the KCDA, in relevant part, to commence the plaintiffs' prosecution.

36. The KCDA, based on the false information provided by defendants, commenced the prosecution of the plaintffs on two count of Criminal Possession of a Controlled Substance in the Seventh Degree pursuant to NY Penal Law § 220.03 under docket number CR-017970-24KN.

37. On or about July 31, 2024, the charges against the plaintiffs were dismissed on speedy trial grounds.

38. At no time did defendants have probable cause to arrest any of the plaintiffs on May 1, 2024, nor was it reasonable for the defendants to believe that probable cause for the plaintiffs' arrests existed.

39. To the extent that any of the individual defendants did not affirmatively participate in the decision to arrest plaintiffs or the communications with the KCDA as alleged herein, each such defendant was aware that the other individual defendants were or would be engaged in such unconstitutional conduct and thus understood that plaintiffs' rights were being and would continue to be violated, and failed to take any steps to intervene in said

unconstitutional conduct or otherwise protect plaintiffs from harm, despite ample opportunity to do so.

40. The individual defendants are therefore liable for the false arrest and imprisonment of the plaintiffs, either for their direct participation therein, or by virtue of their deliberate failure to intervene.

41. The individual defendants were, at all relevant times herein, acting jointly and in concert.

42. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(False Arrest and Imprisonment Pursuant to 42 USC §1983
Against the Individual Defendants)

43. Plaintiffs repeat the preceding allegations as though stated fully herein.

44. The individual defendants willfully and intentionally seized, arrested, and caused plaintiffs to be imprisoned without any lawful basis and lacked any reasonable basis to believe probable cause existed.

45. To the extent that any of the individual defendants did not affirmatively seize or place plaintiffs under arrest, each such defendant was aware that plaintiffs' constitutional rights were being and would continue to be violated, and failed to take any steps to intervene in said unconstitutional conduct or otherwise protect plaintiffs from harm, despite ample opportunity to do so.

46. As a result of their unlawful arrest by the defendants, plaintiffs were imprisoned and deprived of their liberty.

47. Plaintiffs were conscious of the deprivation of their liberty and did not consent to any such deprivation.

48. The defendants are liable to plaintiffs for false arrest and false imprisonment.

49. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, loss of liberty, economic loss, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

(Malicious Prosecution Pursuant to 42 USC §1983
Against the Individual Defendants)

50. Plaintiffs repeat the preceding allegations as though stated fully herein.

51. The individual defendants willfully and intentionally denied the plaintiffs their right to a fair trial by fabricating evidence and communicating said materially false statements and/or materially misleading factual claims to the KCDA, thereby causing plaintiffs to suffer a loss of liberty.

52. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated to prosecutors, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

53. By so doing, the individual defendants directly subjected the plaintiff sto the denial of a fair trial through the use of fabricated evidence or through the failure to intervene in such misconduct by their fellow officers, and aided and abetted in the violation of, plaintiffs' rights under the Fourth, Sixth, and/or Fourteenth Amendments of the United States Constitution.

54. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, loss of liberty, economic loss, and the loss of their constitutional rights.

## THIRD CAUSE OF ACTION

(§1983 Malicious Prosecution Claim
Against the Individual Defendants)

55. Plaintiffs repeat the preceding allegations as though stated fully herein.

56. The individual defendants willfully and intentionally caused the initiation of plaintiffs' prosecution through the communication of materially false statements and/or materially misleading factual claims to the KCDA.

57. There was no probable cause for the prosecution of either plaintiff for any of the charged offenses.

58. The criminal prosecutions were terminated in plaintiffs' favor.

59. The defendants acted with malice in bringing about and sustaining the plaintiffs' prosecution.

60. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated to prosecutors, had

ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

61. By so doing, the individual defendants directly caused the plaintiffs to be maliciously prosecuted, or through their failure to intervene in such misconduct by their fellow officers, aided and abetted in the violation of, plaintiffs' rights under the Fourth and/or Fourteenth Amendments of the United States Constitution.

62. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer various injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

## FOURTH CAUSE OF ACTION

(New York City Administrative Code §8-802 et seq.
Against the City of New York and the Individual Defendants)

63. Plaintiffs repeat the preceding allegations as though stated fully herein.

64. Each of the individual defendants is liable under New York City Administrative Code (§8-802) for the false arrest and imprisonment of each of the plaintiffs, as well as for causing each plaintiff to be maliciously prosecuted.

65. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they were aware that it was or would be happening, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

66. The City of New York, as the individual defendants' employer, is liable under §8-803 for the acts of its employees and agents, including these individual defendants.

9

67. By reason thereof, the municipal defendant and the individual defendants have violated §8-802 et seq., and caused each plaintiff to suffer emotional and physical injuries, mental anguish, incarceration, and the deprivation of their liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiffs demands judgment against defendants jointly and severally as follows:

(i) actual and punitive damages against the individual defendants in an amount to be determined at trial;

(ii) actual damages in an amount to be determined at trial against the City of New York;

(iii) statutory attorney's fees pursuant to 42 U.S.C. §1988 and New York City Administrative Code §8-805, as well as the costs of the action;

(iv) an order issued by this Court expressly restraining each individual defendant from engaging in further conduct in violation of Administrative Code §8-802, as required under New York City Administrative Code §8-805(a)(3); and,

(v) such other relief as the Court deems just and proper.

Dated: New York, New York
April 24, 20253

LUMER LAW GROUP
Attorneys for Plaintiff

Michael Lumer, Esq.
14 Wall Street, Suite 1603
New York, New York 10005
(212) 566-5060